IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS TIMOTHY WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:16-CV-830-WKW |
| ) | (WO) |
| ) | |
| DONALD VALENZA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Thomas Timothy Williams ("Williams"), a pre-trial detainee, in which he challenges his confinement on criminal charges for trafficking in methamphetamine, felon in possession and carrying a pistol without a license.[1] Specifically, Williams alleges that he has been denied a speedy trial and complains that the State is concealing evidence which is favorable to him.

The relevant and undisputed facts indicate that Williams' trial counsel sought continuances in his cases, appointment of a guardian ad litem and a motion for competency hearing due to his belief that Williams is mentally incompetent to stand trial. As a result of these motions, on April 19, 2016, the trial court issued an order in which it "found that

---

[1] A Houston County Grand Jury issued indictments against Williams for these offenses on December 20, 2013. *Respondents' Exh. 2 - Doc. No. 9-2* at 2.

the defendant is incompetent to stand trial and that there is a substantial probability that the defendant will become competent within a reasonable period of time, the court further finds by clear and convincing evidence that the defendant is mentally ill or has a mental defect; that as a consequence of such mental illness or defect, defendant's being at large poses a real and present threat of substantial harm to himself … or to others." *Respondents' Exh. 33 - Doc. No. 34* at 1-2.  Based on this order, Williams was transferred to the Taylor Hardin Secure Medical Facility for a mental evaluation and, if necessary, treatment.  Upon completion of any necessary treatment by the Alabama Department of Mental Health, Williams will be returned to the Circuit Court Houston County, Alabama for a hearing on his mental condition.  *Id*. at 2.

On November 22, 2016, the respondents filed an answer in which they argue that Williams has failed to exhaust his state remedies with respect to his speedy trial and withholding of evidence claims.  As to his request for dismissal of the charge against him due to the lack of a speedy trial, the respondents maintain that Williams may, through his counsel, file a motion for such relief with the trial court.  If unsuccessful on a motion before the trial court, Williams may present this claim in a motion for writ of mandamus to the Alabama Court of Criminal Appeals.  To the extent Williams seeks to challenge the evidence which might be used against him at trial, he may present this claim to the state courts, including the trial court upon initiation of trial proceedings and the appellate court on appeal of any conviction imposed upon him.

In light of the arguments and evidence presented by the respondents, the court entered an order affording Williams an opportunity to demonstrate why this petition should not be denied as the claims are subject to dismissal for his failure to exhaust available state remedies. *Doc. No. 13*. Williams has failed to file a response to this order within the time provided by the court.

## II.  DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, ... the requirements of § 2254 – including exhaustion of state remedies – apply to" Williams as he challenges the validity of state court actions which have resulted in his confinement. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Williams] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to §2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Dill*, 371 F.3d at 1302-1303. The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State

to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order to exhaust his state remedies, a petitioner must fairly present the alleged constitutional violations on which he seeks relief to the State's highest court for review. *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999).

The undisputed evidentiary materials filed in this case, including the state court record, establish that Williams has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief. In addition, to the extent Williams seeks to present a federal defense to the charges lodged against him – i.e., denial of a speedy trial – "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to as state criminal charge prior to judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 93 S.Ct. 1123, 1127 (1973) (internal citation omitted). The law is well settled that to circumvent the exhaustion requirement attendant to a federal habeas action, a petitioner must demonstrate there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). Williams has failed to establish that state court remedies are unavailable or that such remedies are ineffective. This court does not deem it proper to rule on the merits of Williams' claims without first requiring that he first exhaust available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

Furthermore, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts [all] available state [court] remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris,* 401 U.S. 37, 44–46 & 53–54 (1971); *see Braden,* 410 U.S. at 489; *Hughes v. Att'y Gen. of Fla.,* 377 F.3d 1258, 1263 (11th Cir.2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir.1972). Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden,* 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.

[The petitioner] has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger,* 401 U.S. at 53–54 (citing *Watson v. Buck,* 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana,* 626 F.2d 82, 84 (9th Cir.1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, [as discussed above, the petitioner] fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of [the petitioner's] constitutional claims either before trial or, in the event [the petitioner] is convicted, through appellate and post-conviction proceedings.

> For the reasons noted above, this court concludes that [the petitioner] has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective and that would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized in this case. *See Braden,* 410 U.S. at 493. After exhausting available state remedies, [the petitioner] may pursue federal habeas proceedings.

*Robinson v. Hughes*, Civil Action No. 1:11-CV-841-TMH, 2012 WL 255759, at *2-3 (M.D. Ala. Jan. 5, 2012), Recommendation adopted (Jan. 27, 2012).

In light of the foregoing, the court concludes that Williams must first exhaust his available state court remedies on the claims presented herein prior to seeking habeas relief in this court.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be DENIED.

2. The petition be DISMISSED without prejudice to allow the petitioner an opportunity to exhaust available state court remedies.

It is further ORDERED that on or before January 31, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the

Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, on this the 17th day of January, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge
